JOHN T. NEWELL, PETITIONER, *v.* COMMISSIONER OF INTERNAL
REVENUE, RESPONDENT.

Docket Nos. 24094, 41675. Promulgated August 6, 1929.

*A. G. Eldred, Esq.,* for the petitioner.
*B. M. Coon, Esq.,* for the respondent.

**OPINION.**

MILLIKEN: In Pennsylvania a married woman may contract with her husband and may enter into a contract of partnership with him. At the hearing, counsel for respondent conceded this. See also *Thomas F. Kelley*, 9 B. T. A. 834.

This leaves for consideration whether or not Vinnie M. Newell was a partner of the petitioner during the taxable years and, if so, what effect, if any, did the failure to comply with the Pennsylvania acts requiring registration of the names of the real owners of a business conducted under an assumed or fictitious name have.

We have had before us a number of cases involving partnerships between husband and wife, and partnerships between other persons. No rigid rules can be laid down as to the requirements to establish the relationship. Ordinarily where two or more persons associate themselves together for a common undertaking for profit, and share in the profits or losses, a partnership results. It is not necessary to constitute the relation that a person should contribute capital, or render services, and we have held in several cases that a husband may constitute his wife a partner by giving her an interest in the business. In the instant case, the uncontradicted evidence is that petitioner gave his wife a one-half interest in his business at the time of their marriage in 1905 and it is uncontradicted that the arrangement has continued ever since.

The evidence of the bank's attitude, that of the paper supply representative, and Mrs. Newell's refusal to permit a sale of the stationery store, is strongly corroborative of petitioner's contention. Undoubtedly one-half of the surplus profits deposited in the joint account belonged to Mrs. Newell, and when this was reinvested in the business in the purchase of a building, machinery, and supplies, this was a contribution of capital by her, no matter what the books showed, as it is nowhere contended that it was a loan or a gift.

In the case of *Thomas F. Kelley*, *supra*, a Pennsylvania case, Kelley and his wife were engaged in the job printing business under an oral agreement that they were to have an equal interest in the business. Both contributed a small amount of capital and rendered services. From the accumulated profits they purchased and operated a grocery business, and from the profits of both they became the owners of a one-fourth interest in the Lucas Coal Co., and it was held that one-half of the earnings from the interest in the coal company belonged to the wife and was not taxable to the husband.

Other Pennsylvania cases are *Wm. W. Parshall*, 7 B. T. A. 318, and *James R. Cray*, 7 B. T. A. 322, in both of which the husbands transferred to their wives by oral agreement their interests in a partnership conducted under the name of the Puritan Supply Co. and both were held to be valid by this Board. In the former, we distinguished between a transfer or assignment of income derived from a partnership as in *Mitchell* v. *Bowers*, 15 Fed. (2d) 287, and a transfer of the partnership interest itself.

In *B. M. Phelps*, 13 B. T. A. 1248, members of a partnership took their wives in as partners, and in upholding the agreement we said:

The respondent denied the existence of a partnership between the petitioners and their wives, apparently upon the ground that there were no written articles of copartnership; that the wives contributed no capital or services to the partnership; and that the scheme was only for the purpose of reducing surtax.

We think that the evidence actually shows an agreement of partnership between the petitioners and their wives on or about July 1, 1919, whereby the wives of the petitioners were taken into the business as equal partners with the petitioners. On that date a new partnership was formed, composed of four individuals, each having a one-fourth interest therein. The claim of the respondent that the wives contributed no capital to the partnership does not disprove the fact that a partnership agreement was entered into. Persons are often made members of a partnership without themselves contributing anything to the partnership originally. The members of a partnership may set over to a person to be taken in as a partner a percentage of their own interests in the partnership. This is what was done in this case. Each of the petitioners gave to his wife one-half of his capital in the business. From that time on each of the petitioners had capital invested in the business. It is immaterial that they furnished no services to the partnership and received no salaries from the partnership. If the petitioners furnishing the services were willing that the other members of the partnership furnish no services, yet share equally with them in the profits of the business, there is no provision of law to prevent them from doing so. Although proof that persons claiming to be members of a partnership furnished no capital and contributed no services to the partnership might tend to prove that no partnership agreement was entered into, proof of such facts becomes immaterial when all members of the partnership agree that a partnership contract was entered into.

Nor do we think it is material that the apparent object of the reorganization of the partnership in 1919 was for the purpose of reducing surtaxes payable by the petitioners. Clearly, taxpayers have the right to change their form of organization and their methods of doing business in any way they may see fit so long as they keep within the law.

See, also, *R. A. Bartley*, 4 B. T. A. 874; *Elihu Clement Wilson*, 11 B. T. A. 963; *H. T. Loper*, 12 B. T. A. 164; *R. C. McKnight*, 13 B. T. A. 885.

At the hearing counsel for respondent objected to all evidence tending to establish a partnership between petitioner and his wife unless it was shown that the Pennsylvania laws requiring registration of owners of business had been complied with, on the ground that business as a partnership could not be conducted legally without compliance with these laws. We had this question before us in the cases of *William W. Parshall*, 7 B. T. A. 318, and *James R. Cray*, 7 B. T. A. 322, and held that the failure to register names and owners of a business did not affect the status of the partnership and was merely a rule of procedure or practice in court which prevented the bringing of suits or actions in some cases, and prevented the offenders

**98**

from using certain defenses such as misjoinder or nonjoinder of parties.

We have examined the Acts of 1851, 1917, and 1921 relative thereto again, and the cases cited by both parties, and find no reason to change our former opinion. Even though said acts may not have been complied with, there is nothing in any of them that would forfeit the rights or interest of Mrs. Newell in the business of John T. Newell, and make it the property or income of the petitioner. In *Commissioner* v. *Barnes*, 30 Fed. (2d) 289, the Circuit Court of Appeals, Third Circuit, affirmed the decision of this Board, 7 B. T. A. 924, holding that gifts of interest in a Pennsylvania partnership by husbands to their wives were bona fide and not to be invalidated by failure to comply with the "Fictitious Names Act" of the state law, and the income from such gifts was taxable to the wives.

We conclude that there was a partnership between John T. Newell and his wife, Vinnie M. Newell, during the years 1922, 1923 and 1926, in the business operated as John T. Newell and that each should return and be taxed on one-half of the profits thereof.

*Judgment will be entered under Rule 50.*